UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Joshua Adam Kaplan,                                    Case No. 25-48523-TJT
                                                       Chapter 7
                    Debtor.                            Hon. Thomas J. Tucker
_____/

**TRUSTEE'S REPLY CONCERNING THE
OBJECTION TO DEBTOR'S EXEMPTION OF RECORDS**

The Trustee disagrees with the Debtor's reading of Mich. Comp. Laws §

600.5451(1)(c). Black's Law Dictionary defines "book" as—

> An assembly of concourse ideas expressed in words. A
> literary composition which is printed; a printed
> composition bound in a volume. The largest subdivisions
> of a treatise or other literary composition.

*Book,* BLACK'S LAW DICTIONARY (5th ed. 1979) (citation omitted).

The term also has recognized subcategories, including "corporate books"

defined as "[w]hatever is kept as written evidence of official doings and business

transactions." (*Id.*) (citation omitted.) The Legislature did not include "corporate

books" or financial records, or "books of account" within the scope of §

600.5451(1)(c). Its use of the more general term "books," without reference to

these distinct categories, reflects a narrower intent that the Debtor suggests.

In any event, the statute does not provide an "in-kind" exemption. The

Debtor may exempt only those categories expressly listed—household goods,

furniture, utensils, books, appliances, and jewelry—subject to a limit of $700.00 per item and an aggregate cap of $4,625.00. M.C.L. § 600.5451(1)(c). Accordingly, even if the exemption is allowed, it must be limited to those statutory amounts.

Steinberg Shapiro & Clark

/s/ Tracy M. Clark (P60262)
Attorney for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
Date: April 10, 2026      clark@steinbergshapiro.com